MOLL, *Plaintiff in Error*, v. THE MARKET STREET BANK.

**Contract, Construction.** Defendant, a bank, recovered judgment on its cashier's bond on which S., B. and plaintiff were sureties, and thereafter plaintiff paid part of judgment under an agreement with defendant that execution as to its residue should be staid as to him until the appeal taken by B. in the suit on the bond should be determined, and all lawful means be used to obtain the residue of the judgment from B., *Held*, in an action for breach of this contract, that on the affirmance of the judgment appealed from by B. the defendant was not bound to seek satisfaction for the residue of said judgment against the sureties on B.'s appeal bond before making the same out of plaintiff.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*D'Arcy & Nagel* for plaintiff in error, cited 2 Parsons on Contracts, (6 Ed.) p. 499; *Wescott v. Fargo*, 61 N. Y. 543; *Building Asso'n, v. Platt*, 5 Duer (N. Y.) 675; *Schermerhorn v. Conner*, 41 Mich. 374; *Torrey v. Bank*, 9 Paige 650; *Michond v. Girod*, 4 How. (U. S.) 556; 1 White & Tudor L. C., pt. 1, 251; *Cumberland, etc., v. Parish*, 42 Ind.; *Thornton v. Irwin*, 43 Mo. 157; *Hunter v. Hunter*, 50 Mo.

445; *Beeson v. Beeson*, 9 Barr 279; *Whetstone v. Shaw*, 70 Mo. 575; Bliss Code Plead., p. 6.

*A. R. Taylor* for defendant in error.

The bank was not bound by the contract to prosecute the sureties on Bernecker's bond before resorting to Moll, because the contract does not say so, and the court will not enlarge the terms of the contract. It did not constitute the bank Moll's agent or trustee for any purpose. Also cited *Landrum v. Bank*, 63 Mo. 48; *Morman v. Talbut*, 35 Mo. 392; *Marshall v. Means*, 12 Ga. 61; *Regan v. Walker*, 1 Wis. 631; *Dickman v. Burgess*, 20 Ill. 266 : *Hoyt v. Coughlan*, 41 Ill. 131.

HOUGH, C. J.—The plaintiff stated in his petition that on or about the 30th day of March, 1875, the defendant recovered judgment for the penalty of a bond executed to it some time before, by its cashier, William A. Stumpe, as principal, Paul Steffens, John L. Bernecker and the plaintiff as sureties, conditioned for the faithful discharge of said cashier's duty to the defendant, and that said judgment was against said cashier and said sureties, and that execution was ordered to issue for $12,135.95, interest and costs.

That on the 6th day of April, 1875, he paid the defendant $4,434.20, on account of said judgment, in consideration of an agreement then and there entered into between the defendant and him, which is in words and figures as follows:

APRIL 6th, 1875.

Received of A. Moll, $4,434.20, on account of a judgment rendered in the circuit court of St. Louis county, Missouri, in case numbered 26,587, wherein Market Street Bank was plaintiff, and William A. Stumpe, Adolph Moll, Paul Steffens and John L. Bernecker were defendants; and the execution as to the remainder of said judgment is to be stayed as to said A. Moll, until the appeal taken by John L.

Bernecker, in said cause is determined, and all lawful means used to obtain the balance of said judgment from said Bernecker, and in case said balance shall be recovered against said Bernecker, and the same is paid in full with all costs and interests, then this receipt is to be in full payment of all liability of said Moll on account of said judgment.

JOSEPH SCHNEIDER,
President of Market Street Bank.

Plaintiff further averred that when the appeal mentioned in said agreement was heard by the court of appeals, and said judgment was affirmed, said Bernecker and the sureties on his appeal bond were each solvent and able and willing to pay, but that the defendant only collected $1,400 from said Bernecker, and wholly failed to collect or even demand the balance from the sureties in the appeal bond. Plaintiff further alleges that while he was absent in Europe the defendant, in violation of the agreement aforesaid, collected of him by execution the sum of $8,206, for which he asked judgment. The answer was a general denial. The cause was tried by the court without the aid of a jury, and judgment was rendered for the defendant, which was affirmed by the court of appeals.

It appears from the testimony that the supersedeas on appeal, was discharged on account of the insufficiency of the bond before the judgment of the circuit court was affirmed by the court of appeals, and that defendant at once sued out execution against Bernecker and diligently, but unavailingly, endeavored to find property of said Bernecker subject to seizure and sale thereunder. Property belonging to Bernecker's wife was levied upon, and, after the judgment of affirmance in the court of appeals, was sold and purchased by the bank, and was thereafter conveyed to her for a consideration paid by her to the bank. After the judgment of affirmance by the court of appeals, execution was issued against the plaintiff and his property was sold, and no demand was ever made on the sureties on the appeal bond for the payment of the judgment. It does not

appear, as alleged in the petition, that the sureties were willing to pay, and it is quite evident, we think, that they were not able. But one single question arises upon this record, and that is as to the correctness of the action of the court below in refusing the following instruction asked by the plaintiff:

The court declares the law to be that under the contract sued on defendant was bound to apply to the sureties on Bernecker's appeal bond before levying upon plaintiff, unless such application would have been fruitless, and the burden to show that it would have been fruitless, is upon the defendant.

Much has been said in argument about the failure of the defendant to pursue Bernecker with an execution after the judgment of affirmance, but that point is not presented in the instruction. So far as the instruction is concerned, it impliedly concedes what we think the testimony conclusively shows, that all lawful means had been used to collect the amount of the judgment from Bernecker in person. The contract between Moll and the defendant did not contemplate that the supersedeas would be discharged before the cause was determined in the appellate court. But the defendant did right to issue execution against Bernecker as soon as it was discharged, and would have been guilty of negligence, which might have exonerated Moll if it had waited until the judgment of affirmance was rendered before issuing execution. The testimony shows that Bernecker was prosecuted to insolvency. It is contended, however, that it was the duty of the defendant to also make demand upon the sureties on the appeal bond before issuing execution against Moll. In our opinion, no such obligation arises from the stipulation in the contract, to use all lawful means " to obtain the balance of said judgment from said Bernecker." No execution could issue against the sureties on the judgment of affirmance in the court of appeals. The sureties could only be made liable by action. If it was the duty of the defendant to demand payment of

the sureties, then in the event of their refusal to pay, it would have been its duty also to sue the sureties, and in the event of their appealing from a judgment against them and an affirmance thereof, then to make demand also of their sureties on appeal, and in the event of their failure to pay, then to sue them, and so on *ad infinitum*. This is evidently what the court of appeals meant by saying that the defendant was not bound by its contract with Moll to enter upon interminable litigation, and we fully agree with that court. The defendant was not bound, under its agreement with Moll, to make demand of, or bring suit against, the sureties of Bernecker before taking out execution against Moll, and the instruction asked was rightly refused. This disposes of the case. The other questions argued, are not before us. Parties cannot institute an ordinary action at law for a breach of contract, and try it as such, and on appeal to this court expect us to disregard the pleadings and instructions, and pass upon the testimony as if it were an equitable proceeding.

The judgment of the court of appeals is affirmed. The other judges concur.